SPERO ZEPATOS v. SPEROS GEORGE TRAGAS.

154 So. 330.
Opinion Filed April 24, 1934.

*Hull, Landis & Whitehair,* for Appellant;
*Green & West,* for Appellee.

PER CURIAM.—This was a suit to enforce the provisions of a declaration of trust.

It is not contended that the trust was not enforceable if the declaration of trust was made, executed and delivered in the manner and form alleged in the bill of complaint as amended.

There is substantial evidence disclosed by the record to sustain the contention that the declaration of trust was made, executed and delivered in the manner alleged in the bill of complaint, although there is contrary evidence.

A purported copy of the declaration of trust was offered in evidence and objected to upon the ground that no proper predicate had been laid for the introduction of such copy. It may be that the complainant should have been required to prove the loss or destruction of the original before the copy became admissible as evidence, unless it was shown that the original was in the possession of the defendant and that he, after due notice requiring him to produce the same, had failed and refused to produce it. But, if error was committed in the admitting of the copy in evidence, such error became of no moment when the defendant himself thereafter testified in the cause that he had taken possession and control of the original document and that he had destroyed the same. Furthermore, the record does show that during the proceedings and prior to the taking of the testimony notice and demand had been made on the defendant by the complainant to produce the original document before the court and the defendant had failed and refused to produce such original, but in lieu thereof had filed objections to complying with the order, which objections were not sustained.

The record fails to reflect the fact that persons not made parties to this suit were necessary parties to this litigation. The persons named and alleged to be necessary parties not included as parties to the suit may at some future time have rights accrue under the terms of the alleged declaration of trust, but the record does not show that they have any present interest in the issues presented or that any future interest which they may have is affected by the final decree entered herein.

The record disclosing no reversible error, the final decree should be affirmed and it is so ordered.

Affirmed.

606

Davis, C. J., and Whitfield, Ellis, Terrell and Buford, J. J., concur.

Decree affirmed.

Davis, C. J., and Whitfield, Ellis, Terrell and Buford, J. J., concur.